### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ERIC KREMER and AMY KREMER, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 24-2549-KHV |
| SCANNELL PROPERTIES #516, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On November 27, 2024, Eric and Amy Kremer filed suit against Scannell Properties #516, LLC, alleging private nuisance, public nuisance, negligence and negligence per se. This matter is before the Court on defendant's Partial Motion To Dismiss (Doc. #12) filed January 27, 2025. For reasons stated below, the Court sustains defendant's motion.

### Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679–80.

Plaintiffs bear the burden to frame their claims with enough factual matter to suggest that they are entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiffs make a facially plausible claim by pleading factual content from which the Court can reasonably infer that

defendants are liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability.  Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not shown—that the pleader is entitled to relief.  See id. at 679.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

**Factual Background**

Plaintiffs' Complaint (Doc. #1) alleges as follows:

Eric and Amy Kremer own real property, land and improvements at 11351 Riverview Avenue in Bonner Springs, Kansas.  Scannell Properties #516, LLC began construction of an intermodal facility on property directly to the east of plaintiffs' property.[1]  Scannell also undertook improvements along Riverview Avenue.  As part of these activities, Scannell closed Riverview Avenue without notice and without a permit, allowed noxious fumes and dust to emanate from the area and did not adequately control water runoff from its property.

Scannell also developed and continues to develop 150-acre parcels of land southwest of the intersection of Riverview Avenue and 110th Street, which is directly east of plaintiffs' property.  In doing so, Scannell graded the land for infrastructure and building construction, which has altered the natural drainage of the land and diverted natural waterways that previously existed.

---

[1]     The complaint does not allege when Scannell began construction or any dates.

As a result, water that naturally drained into the pond on plaintiffs' property no longer drains there, and the pond is drying up, which has altered the ecosystem around the pond.

Throughout the development of its property, Scannell has failed to control the flow of water, dirt, foreign materials and pollutants, resulting in damage to plaintiffs' property. Plaintiffs and the community at large must contend with uncontrolled runoff, noxious fumes and dust from Scannell's property. On one occasion, Scannell's driveway washed out, which caused dirt, foreign materials and pollutants to settle on plaintiffs' property.

On November 27, 2024, Eric and Amy Kremer filed suit against Scannell, asserting claims for private nuisance, public nuisance, negligence and negligence per se.

## Analysis

Defendant argues that plaintiffs have not stated a claim for public nuisance and negligence per se.

### I.    Public Nuisance

Plaintiffs assert claims for both public nuisance and private nuisance. A private nuisance "is a civil wrong, based on a disturbance of some right or interest in land." Culwell v. Abbott Constr. Co., 211 Kan. 359, 362, 506 P. 2d 1191, 1194 (Kan. 1973). In contrast, a public nuisance is an unreasonable interference with "a right common to the general public," such as a condition dangerous to health, offensive to community moral standards or unlawfully obstructing the public in the free use of public property. State ex rel. Graeber v. Marion County Landfill, Inc., 276 Kan. 328, 342, 76 P.3d 1000, 1010 (2003); see Culwell, 211 Kan. at 362, 506 P. 2d at 1195 (public nuisance affects interest common to general public, rather than peculiar to one individual or only a few). Unless a private individual suffers "peculiar individual injury" in some way to be distinguished from the inconvenience or threatened injury to the general public, only appointed

representatives of the community can seek redress for a public nuisance. Culwell, 211 Kan. at 363–64, 506 P.2d at 1196.

Scannell argues that plaintiffs have not alleged harm or threatened harm to a public right, so they cannot state a claim for public nuisance. See Memorandum In Support of Defendant's Partial Motion To Dismiss (Doc. #13) at 8–9. Plaintiffs argue that the complaint alleges that the community suffered injury from defendant's discharge of pollutants into the waterways of the State of Kansas and the United States of America. See Plaintiffs' Response In Opposition To Defendant Scannell Properties #516, LLC's Partial Motion To Dismiss (Doc. #18) at 4 (citing Complaint (Doc. #1), ¶¶ 14–18). Plaintiffs cite paragraphs of the complaint which do not refer to discharge of pollutants into a public waterway but merely allege damage to their own property. See Complaint (Doc. #1), ¶ 15 (water no longer drains to pond on plaintiffs' property); id., ¶ 16 (plaintiffs' pond is drying up, which caused damage to plaintiffs and ecosystem around pond); see also id., ¶ 14 (defendant altered natural drainage of land and diverted natural waterways that previously existed); id., ¶ 17 (defendant failed to control flow of water, dirt, foreign materials and pollutants, which resulted in damage to plaintiffs' property); id., ¶ 18 (defendant caused dirt, foreign materials and pollutants to settle on plaintiffs' property). The complaint alleges generally that (1) defendant "did not adequately control water runoff from its property" and (2) "[p]laintiffs and the community at large must contend with uncontrolled runoff." Id., ¶¶ 11, 30. Even so, the complaint alleges only one instance of runoff when dirt, foreign materials and pollutants from defendant's driveway washed out and settled on plaintiffs' property. Id., ¶ 18. The complaint alleges no facts which explain how, when or where defendant caused "uncontrolled runoff" beyond plaintiffs' property or to any state or federal waterways. Because plaintiffs have not alleged facts which establish an injury or threat of injury to the public from "uncontrolled runoff," they have

not stated a claim for public nuisance.[2]  See Macias v. BNSF Ry. Co., No. 19-CV-2305-JWL, 2020

WL 3469680, at *7 (D. Kan. June 25, 2020) (no plausible claim for public nuisance absent

allegation that defendant interfered with "right common to the public").

## II.    Negligence Per Se

Plaintiffs assert a claim of negligence per se based on Scannell's alleged violation of

numerous laws related to stormwater discharge and construction activities.  Scannell argues that

plaintiffs have not stated an actionable claim under Kansas law.  To establish a claim of negligence

per se, plaintiffs must allege that (1) defendant violated a statute, ordinance or regulation and

(2) the alleged violation was the proximate cause of plaintiffs' injury.  Pullen v. West, 278 Kan.

183, 194, 92 P.3d 584, 593 (2004); OMI Holdings, Inc., v. Howell, 260 Kan. 305, 339, 918 P.2d

1274, 1296 (1996).  Plaintiffs also must show that the legislature intended an individual right of

action for injury arising out of the alleged violation.  Cullip v. Domann, 266 Kan. 550, 555, 972

P.2d 776, 782 (1999).

Scannell argues that plaintiffs have not alleged any specific violation of an ordinance,

regulation or statute.  Notice pleading requirements suggest that plaintiffs must plead the specific

statute on which they base their claim for negligence per se.  Holler v. Cinemark USA, Inc., 185

F. Supp. 2d 1242, 1244 (D. Kan. 2002).  Likewise, under Iqbal and Twombly, to allege a plausible

claim for relief, plaintiffs must allege how defendant violated the "specific requirement of law or

---

2        The complaint also alleges that defendant allowed "noxious fumes and dust to
emanate from the area."  Complaint (Doc. #1), ¶ 11; see id., ¶ 30.  Plaintiffs do not allege the date,
location or frequency of any release of fumes and dust.  Even if the Court assumes that plaintiffs'
conclusory allegation plausibly alleges a nuisance, plaintiffs have not alleged that they suffered a
"peculiar individual injury" from the fumes and dust that is distinguishable from the inconvenience
or threat of injury to the public.  Culwell, 211 Kan. at 364; 506 P.2d at 1196 (absent some "peculiar
individual injury," redress for public nuisance must be left to appointed representatives of
community).

ordinance," i.e. how defendant committed or omitted a "specific act" which the law prohibits or

requires.  Kerns By & Through Kerns v. G.A.C., Inc., 255 Kan. 264, 281, 875 P.2d 949, 961 (1994)

(quoting Watkins v. Hartsock, 245 Kan. 756, 761, 783 P.2d 1293, 1297 (1989)); see Walker v.

Massey, No. 3:22-CV-00417, 2023 WL 28435, at *5 (M.D. Tenn. Jan. 3, 2023) (to state plausible

claim of negligence per se under Tennessee law, complaint must identify specific regulation and

allege facts plausibly suggesting violation of that specific statute); see also Green v. Denver & Rio

Grande W. R. Co., 59 F.3d 1029, 1034 (10th Cir. 1995) (alleged violation of specific, objective

safety rule could warrant instruction on negligence per se; safety rule must be specific enough to

supply standard jury could apply).

The complaint summarily alleges that Scannell violated local, state and federal government

ordinances, regulations and statutes relating to the regulation of "discharges, stormwater, and

construction activities."  Complaint (Doc. #1), ¶¶ 49, 51, 53, 54.  It identifies several ordinances,

regulations and statutes on these topics, but it does not allege how and when Scannell violated

specific provisions of these laws.  See id., ¶¶ 49, 51, 53 (attaching more than 300 pages of cited

laws contained in City of Bonner Springs Unified Development Ordinance, Code of the City of

Bonner Springs, Unified Government Code of Wyandotte County/Kansas City, Kansas statute on

discharge of sewage, K.S.A. §§ 65-164, 65-165, Kansas Surface Water Quality Standards, K.A.R.

28-16-28 et seq. and Clean Water Act, 33 U.S.C. § 1251 et seq.).  Absent such allegations,

plaintiffs have not stated a plausible claim for relief.  See Kerns, 255 Kan. at 281, 875 P.2d at 961

(plaintiff must show defendant committed or omitted "specific act" which law prohibits or

requires).  Likewise, absent allegations how Scannell violated specific provisions of the various

laws, plaintiffs have not plausibly alleged that any violation of such laws proximately caused their

injury.  The Court therefore dismisses plaintiffs' claim of negligence per se.[3]

### III.    Plaintiffs' Request To Amend Complaint

Plaintiffs state that if the Court finds any deficiencies in their complaint, they should be afforded leave to amend.  Plaintiffs' Response In Opposition To Defendant Scannell Properties #516, LLC's Partial Motion To Dismiss (Doc. #18) at 10–11.  The Court disregards any motion or request to amend which does not comply with District of Kansas Rule 15.1(a).  Under that rule, a party filing a motion to amend that may not be filed as a matter of right must (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading or other document; and (3) attach a redlined version of the proposed amendment that shows all proposed changes to the pleading.  D. Kan. Rule 15.1(a); see Requena v. Roberts, 893 F.3d 1195, 1204 n.3 (10th Cir. 2018) (insufficient to merely suggest that party should be allowed to amend if judge finds pleadings deficient; party must file written motion for leave to amend, giving adequate notice of basis of proposed amendment).  Because plaintiffs have not satisfied any of these requirements, the Court overrules their request to amend the complaint.

**IT IS THEREFORE ORDERED** that defendant's Partial Motion To Dismiss (Doc. #12) filed January 27, 2025 is **SUSTAINED.  Under Rule 12(b)(6), Fed. R. Civ. P., the Court dismisses plaintiffs' public nuisance claim (Count II) and negligence per se claim (Count IV) for failure to state claims on which relief can be granted.**

Dated this 14th day of May, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3]    Scannell also argues that plaintiffs have not shown that the legislature intended an individual right of action for injury arising out of the violation.  Because plaintiffs have failed to allege how defendant violated a specific provision of law or that any such violation was the proximate cause of their injury, the Court need not address defendant's argument.